UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
••••••••••••••••••••••••••••••••••••••••••••••••••

**MARY M. IOCOVOZZI,**

                              **Plaintiff,**

          vs.                                   **6:10-CV-687**
                                                      **(NAM/ATB)**

**VILLAGE OF HERKIMER; MARK M.
AINSWORTH, Mayor; VILLAGE BOARD
OF TRUSTEES; and DAVID KUEHNLE,
Codes Enforcement Officer Village of
Herkimer,**

                              **Defendants.**

••••••••••••••••••••••••••••••••••••••••••••••••••

**APPEARANCES:**                                **OF COUNSEL:**

Office of Carol Ann Malz              Carol Ann Malz, Esq.
554 Main Street
P.O. Box 1446
Oneonta, New York 13820
*Attorneys for Plaintiff*

Clumberg & Carrig                        Bart M. Carrig, Esq.
37 North Ann Street
Little Falls, New York 13365
*Attorney for Defendant*

**Norman A. Mordue, Chief U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

      Presently before the Court is plaintiff's motion for a preliminary injunction restraining

defendants from enforcing a local law which regulates signs in the Village of Herkimer. (Dkt.

No. 4).

### COMPLAINT

      The allegations in the complaint are as follows: Plaintiff, a resident and taxpayer of the

Village of Herkimer, is a candidate for Family Court Judge of Herkimer County. In May 2010, plaintiff erected two political signs on her property located at the corner of Mary Street and North Washington Street in the Village of Herkimer. The signs were placed on a fence and read, "Elect Mary Iocovozzi Family Court Judge".[1] Shortly thereafter, plaintiff received a telephone call from defendant David Kuehnle, the Codes Enforcement Officer for the Village of Herkimer, advising that the signs were in violation of a local zoning ordinance, specifically, Section 7 of Local Law No. 1 of 2009. Defendant directed plaintiff to remove the signs. Plaintiff told defendant that the law appeared unconstitutional and further advised that she contacted the Village Attorney with regard to the constitutional issues. On May 25, 2010, plaintiff received a directive from defendant requesting that plaintiff remove her signs and replace them with proper sized signs. On June 11, 2010, plaintiff removed said signs for fear of being penalized or having her signs confiscated.

Plaintiff alleges two causes of action claiming that defendants' conduct violated plaintiff's rights as secured by the First Amendment to the United States Constitution and Article 1, Section 8 of the New York State Constitution. Plaintiff seeks declaratory relief under 28 U.S.C. §§ 2201, 2202 and injunctive relief, and costs and expenses under 42 U.S.C. § 1988. The Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1343.

## THE LOCAL LAW

The parties refer to sections of the local law of the Village of Herkimer regulating the Construction, Erection, Maintenance and Use of Signs (Local Law No. 1 of the Year 2009). Section 2 pertains to the law's purpose and provides:

---

[1] The complaint does not contain any other description of plaintiff's signs including the dimensions.

The purpose of this ordinance is to promote and protect the public health, welfare and safety by regulating existing and proposed outdoor advertising signs, and outdoor signs of all types. It is intended to protect property values, create a more attractive economic and business climate, enhance and protect the physical appearance of the community, preserve the scenic and natural beauty and provide a more enjoyable and pleasing community. It is further intended hereby to reduce sign or advertising distractions and obstructions that may contribute to traffic accidents, reduce hazards that may be caused by signs overhanging or projecting over public rights-of-way, provide more visual open space and curb deterioration of the community's appearance and attractiveness.

Additional sections, which pertain to the within dispute, are:

Section 5. DEFINITIONS:

SIGN: The word "sign" as used in this ordinance shall mean and include any device or structure maintained or used in the nature of an advertisement, announcement or direction that is attached flat against the exterior walls of buildings or projecting in, on or over the sidewalk, street or public property of the Village of Herkimer.

TEMPORARY SIGN: Temporary Sign means any sign or advertising display constructed with or without frames; intended to be displayed for a limited time only.

Section 7 regulates Temporary/Special Signs and provides, in pertinent part:

A. The chart below establishes regulations that apply to numerous signs of a temporary or special nature or purpose.

| TYPE OF SIGN | MAX # OF SIGNS | MAX SIGN AREA | PERMITTED LOCATION | PERMITTED DURATION OF DISPLAY | PERMIT STATUS |
|---|---|---|---|---|---|
| Political | No Maximum | 5 sq ft per sign face height from ground 34" | Private or Subject property | No later than 7 days after the final election | No Permit Required |

A. Nonconforming signs, which are in violation of any provision of this section, shall be brought into conformance upon written notice of violation of the responsible party by the Codes Officer. If the responsible party fails to remove or correct the sign violation within

> seven calendar days after being served with notice of the violation, the Codes Officer, Police Officer or member of the Department of Public Works shall have the authority to remove the violative sign(s), and to assess the charges for such removal against the responsible party.

## DISCUSSION

Where, as here, a plaintiff seeks a preliminary injunction to stay government action taken in the public interest pursuant to a statutory or regulatory scheme, she must demonstrate that a preliminary injunction is necessary to prevent irreparable harm and that there is a likelihood of success on the merits. *See Latino Officers Ass'n v. City of N.Y.*, 196 F.3d 458, 462 (2d Cir. 1999), *cert. denied* 528 U.S. 1159 (2000). Generally, irreparable injury may be presumed where a plaintiff alleges a loss of First Amendment freedoms, even for a minimal period of time. *See Elrod v. Burns*, 427 U.S. 347, 373 (1976). However, plaintiff must establish a link between the injunction sought and the alleged injury, that is, that the injunction will prevent the feared deprivation of free speech rights. *Fraccola v. City of Troy, New York*, 2009 WL 2176124, at *4 (N.D.N.Y. 2009) (citing *Bronx Household of Faith v. Bd. of Educ. of City of New York*, 331 F.3d 342, 349-50 (2d Cir. 2003)).

Constitutional challenges to statutes are routinely found moot when a statute is amended. *Lamar Adver. of Penn, LLC. v. Town of Orchard Park, N.Y.,* 356 F.3d 365, 376 (2d Cir. 2004). Further, action that suspends enforcement of a regulation or program generally renders a plaintiff's claim moot. *See Harrison & Burrowes Bridge Constructors, Inc. v. Cuomo*, 981 F.2d 50, 58 (2d Cir. 1992) (the state agency's emergency regulation which, in effect, suspended enforcement of a federal set-aside program for minority enterprises rendered the plaintiff's request for injunctive relief moot). The voluntary cessation of allegedly illegal activities will usually render a case moot "if the defendant can demonstrate that: (1) there is no reasonable

expectation that the alleged violation will recur; and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Granite State Outdoor Adver., Inc. v. Town of Orange, Conn.*, 303 F.3d 450, 451-52 (2d Cir. 2002).

"Where, [], the defendant is a government entity, '[s]ome deference must be accorded to representations that certain conduct has been discontinued'". *Lamar,* 356 F.3d at 376 (citing *Harrison*, 981 F.2d at 59) (holding that deference to the legislative body is the rule, not the exception)). With this deference in mind, the Second Circuit has concluded, "we are hesitant to hold that a . . . repeal of a challenged provision that obviates a plaintiff's claim does not moot a litigation, absent evidence that the defendant intends to reinstate the challenged statute after the litigation is dismissed, or that the municipality itself does not believe that the . . . case [is] moot." *Lamar*, 356 F.3d at 377 (the defendant specifically disclaimed any plans to ever "change the ordinance back" during oral argument before the District Court and argued that amendments rendered the plaintiff's claims nugatory); *see also Tawwab v. Metz*, 554 F.2d 22, 24 (2d Cir. 1977) (during oral argument, the defendant's attorney provided an official prison document which embodied a change in prison policy). The discontinuance of the enforcement of a law or regulation cannot be "selective", nor may it include "an announced intention" to return to the conduct of the past. *Harrison*, 981 F.2d at 59.

Here, in opposition to plaintiff's motion, defendant Mark M. Ainsworth, the Mayor of the Village of Herkimer, provided an affidavit. Defendant Ainsworth asserts that, "[o]n June 21, 2010, the Village passed a resolution stating that in light of the pending litigation, the sign ordinance will not be enforced, and withdrew any notices of violation by the codes enforcement officer." *See* Ainsworth Affidavit, ¶5. A copy of the resolution was attached to defendant's

affidavit and provides:

> Resolution #10-02
>
> RESOLVED, that, in light of pending litigation, the Board of Trustees of the Village of Herkimer suspends enforcement of the sign ordinance, and the Board withdraws any notices of violation by the Code Enforcement Officer, and directs that the Code Enforcement Officer suspend any sign ordinance enforcement until further action by the Board.
>
> On a motion by Trustee Netti, seconded by Trustee Markey, the above resolution was approved.

*See* Ainsworth Aff., Ex. A.

Defendant Ainsworth further asserts that a settlement was proposed to plaintiff's attorney which included the suspension of enforcement, the repeal of the existing sign ordinance and the payment of costs incurred by plaintiff in bringing the proceedings. Plaintiff rejected the offer and asserts that the proposal required plaintiff and her attorney to participate in drafting the law that would repeal the sign law, particularly the provisions she claimed were unconstitutional. Further, plaintiff asserts that the proposal was also subject to a public hearing. Finally, plaintiff argues that the request for a preliminary injunction is not moot as, "[d]efendants can vote to enforce the law once again" and she continues to claim that her "freedom of speech has been violated". *See* Malz Aff. (June 30, 2010), ¶6-9. Defendants contend that despite the inability to reach a settlement with plaintiff, the Village has suspended enforcement of the law. *See* Ainsworth Aff., ¶10.

At this time, because plaintiff has failed to meet the threshold for obtaining injunctive relief by demonstrating irreparable harm, her motion for a preliminary injunction is denied. Mayor Ainsworth states, unequivocally, that the Village has suspended enforcement of the law

and further avers that, "[w]ith or without the agreement [with plaintiff] the Village will repeal and re-evaluate the sign law in light of more recent decisions to assure compliance with constitutional standards, and it has commenced drafting a Local Law repealing Section 7 of the Sign Ordinance in question, and will schedule a public hearing, as required by law, as soon as the draft law is distributed to the Board Members". Ainsworth Aff., ¶11. Moreover, defendants claim that this action and resolution renders plaintiff's claims moot. Upon a review of the record and with these representations in mind, plaintiff's request is denied. There is no evidence before this Court that defendants have any intention of re-instating the law and if so, that it would be reinstated without first presenting plaintiff with an opportunity to be heard. *See Show-World Center, Inc. v. Walsh*, 438 F.Supp. 642, 655 (D.C.N.Y. 1977) (request for preliminary injunction denied upon the Borough Superintendent's assertion that a Vacate Order was rescinded; thus, the Order could not be reinstated without the prior approval of the Court). Accordingly, the request for an injunction is denied.

## CONCLUSION

Accordingly, it is

**ORDERED** that plaintiff's motion for a preliminary injunction (Dkt. No. 4) is denied in its entirety.

**IT IS SO ORDERED.**

Date: July 12, 2010

_____
Norman A. Mordue
Chief United States District Court Judge